<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| THE UNITED STATES SMALL BUSINESS ADMINISTRATION AS RECEIVER FOR PENNY LANE PARTNERS, L.P., | |
| Plaintiff, | Civil Action No. 08-1401 (GEB) |
| v. | **MEMORANDUM OPINION** |
| ERIC JOHNSON, | |
| Defendant. | |

<u>**BROWN, Chief Judge**</u>

This matter comes before the Court upon Plaintiff's Motion for Default Judgment. (Docket Entry No. 9.) The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons that follow, the Court will grant Plaintiff's Motion for Default Judgment.

**I.     BACKGROUND**

The undersigned appointed the Plaintiff on May 16, 2006, as Receiver during the resolution of the related matter <u>United States v. Penny Lane Partners, L.P.</u>, Civil Action No. 06-1894. The SBA filed the instant complaint on March 17, 2008, "as receiver for Penny Lane Partners, L.P." ("Penny Lane") against Defendant. (Docket Entry No. 1.) An Affidavit of Service for Summons and Complaint served on Defendant was filed on July 24, 2008, indicating that Defendant was served

1

on July 18, 2008.  (Docket Entry No. 5.)  Thereafter, on August 21, 2008, Plaintiff filed its request for Entry of Default, and the Clerk's Office entered default on August 22, 2008.  (Docket Entry No. 7.)  On February 10, 2009, Plaintiff filed its Motion for Default Judgment.  (Docket Entry No. 9.)  The Court's consideration of this motion follows.

**II.    DISCUSSION**

Plaintiff, in support of its Motion for Default Judgment, argues that the Court should grant its motion because Defendant "was served with process," he did not file an answer, and because "Entry of Default" was properly docketed.  (Docket Entry No. 12 at 6.)  Plaintiff argues that "service of process was properly made on defendant pursuant to [Federal Rule of Civil Procedure] 4(e)(2)(B) on July 18, 2008 at approximately 8:25 p.m., when the Receiver's process server went to defendant's residence . . . and hand delivered a copy of this action's summons and complaint to a person who answer the door, identified herself as 'Ms. Johnson,' and appeared to be . . . someone of suitable age and discretion."  (Id. at 19.)  A copy of the summons was also mailed to Defendant.  (Id.)  Plaintiff avers that Defendant "has no defense to this action for a breach of contract of his obligations to pay the unfunded capital commitments he owes to Penny Lane as a private limited partner."  (Id. at 20.)  Plaintiff also urges the Court to conclude that Defendant's failure to answer, move or otherwise plead permits the presumption that he in fact is culpable.  (Id. at 23.)  Finally, Plaintiff asserts that it "will be prejudiced if default judgment is not granted in this instance where defendant has neither appear[ed] nor filed an answer."  (Id.)

### A.     Standard of Review

Default is governed by Federal Rule of Civil Procedure 55. FED. R. CIV. P. 55. Rule 55(a) provides, in relevant part, as follows: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). "Thereafter, the plaintiff may seek the Court's entry of default judgment under either Rule 55(b)(1) or Rule 55(b)(2)." Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, No. 07-1522, 250 F.R.D. 171, 177, 2008 U.S. Dist. LEXIS 28324 (D.N.J. April 7, 2008) (citation omitted). "The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Super 8 Motels, Inc. v. Kumar, No. 06-5231, 2008 U.S. Dist. LEXIS 28066 (D.N.J. April 1, 2008) (citing Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1983)).

Before entering default judgment, the court "must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." Doug Brady, 250 F.R.D. at 177 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir.1987) (stating that "we have further required the district court to make explicit findings concerning the factors it must consider in rendering judgment by default or dismissal, or in declining to reopen such judgment")). "In weighing these factors, district courts must remain mindful that, like dismissal with prejudice, default is a sanction of last resort." Id. (citing Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir.1984)). A defendant demonstrates a meritorious defense if "allegations of defendant's answer, if established on trial, would constitute a complete defense to the action." United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 195 (3d Cir. 1984). Therefore, a defendant's

3

assertions "must contain specific facts that would allow Defendants to advance a complete defense" and must be substantively sufficient. Days Inn Worldwide v. Jerbev Corp., No. 08-1659, 2009 U.S. Dist. LEXIS 29138, at *3-*4 (D.N.J. April 8, 2009) (citing United States v. $55,518.05 in U.S. Currency, 728 F.2d at 195-96; Harad v. Aetna Cas. & Sur. Co., 839 F.2d 979, 983 (3d Cir. 1988)).

Further, although the Court should accept as true the well-pleaded factual allegations of the Complaint, the Court need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages. Signs by Tomorrow - USA, Inc. v. G.W. Engel Co., Inc., No. 05-4353, 2006 U.S. Dist. LEXIS 56456, at *5-6 (D.N.J. Aug. 1, 2006) (citing Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990); Directv, Inc. v. Asher, No. 03-1969, 2006 U.S. Dist. LEXIS 14027, at *1 (D.N.J. Mar. 14, 2006) (citation omitted)). "Consequently, before granting a default judgment, the Court must first ascertain whether 'the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'" Signs, 2006 U.S. Dist. LEXIS 56456, at * 6 (quoting Directv, Inc., 2006 U.S. Dist. LEXIS 14027, at *1 (citation omitted)).

### B. Analysis

The Office of Clerk of this Court granted Plaintiff's request for an entry of default under Federal Rule of Civil Procedure 55(a). See Husain v. Casino Control Comm'n, No. 07-3636, 2008 U.S. App. LEXIS 3700, at *4 (3d Cir. Feb. 20. 2008) (stating that "entry of default by the Clerk under Federal Rule of Civil Procedure 55(a) constitutes a general prerequisite for a subsequent default judgment under Rule 55(b)"). See also Bank of Nova Scotia v. James, No. 2005-08, 2008 U.S. Dist. LEXIS 79240 (V.I. Oct. 8, 2008); Mims v. McCall, No. 06-4551, 2008 U.S. Dist. LEXIS

43092 (D.N.J. June 2, 2008); 10A Charles Alan Wright, Federal Practice and Procedure § 2682 (2007) (stating that "[p]rior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)"). Entry of Default was entered on August 22, 2008, thus satisfying this requirement.

Plaintiff alleges in its Complaint a cause of action for breach of contract. Plaintiff states that "[o]n October 21, 1996, the defendant signed the LPA to be a Private Limited Partner in Penny Lane"; that "[t]he balance owed by the defendant as a Private Limited Partner is the unfunded capital commitment in the amount of $22,500.00"; that Defendant was "issued an unfunded capital commitment demand letter dated October 31, 2006 demanding payment of the amount of $22,500.00"; that "no payment has been made by the defendant"; that the LPA states that "any Private Limited Partner's failure to pay the amount due from the date due pursuant to the capital call notice for payment . . . shall be charged ten percent (10%) interest from the date the unfunded capital commitment was due"; and that for these reasons, the Court should grant default judgment in favor of Plaintiff. (Docket Entry No. 1 at ¶¶ 7, 10, 15 to 17.)

The Court concludes that default judgment is appropriate here. First, Plaintiff's unchallenged facts, which the Court accepts as true, set forth a legitimate cause of action. See Signs, 2006 U.S. Dist. LEXIS 56456 at * 6. In addition, Defendant has not offered any opposition to the Motion for Default Judgment, and therefore, the Court concludes that the Defendant has not offered information regarding the existence of a meritorious defense. Moreover, the facts as alleged in the Complaint provide no indication of a meritorious defense. Plaintiff has been prejudiced in that this action was filed on March 17, 2008, as an ancillary matter to another case before this Court, and Plaintiff has also been prejudiced because Defendant has failed to properly respond in any way to the allegations.

5

Defendant's failure to meaningfully participate in this litigation compels this Court's grant of default judgment. The Court concludes that Defendant is culpable in respect to his failure to meet his obligations under the LPA.

Turning to damages, Plaintiff has provided the Court with a copy of the LPA, signed by Defendant, indicating that the amount of his total commitment was $100,000.00 at the time of signing. (Docket Entry No. 11-7 at 2; 11-5 at 39.) Plaintiff has also provided Defendant's Schedule K-1 tax documents for the years 1996 through 2005. (Docket Entry No. 11-8.) Box J(b) of these forms indicates that Defendant declared, for years 1996 through 1999 and 2001, a total of $77,500.00 capital contributed, with no capital contributed for years 2000 or 2002 through 2005. (Id.) Plaintiff subsequently sent a demand letter to Defendant, dated October 31, 2006, which states these figures exactly. (Docket Entry No. 11-9 at 2.) Specifically, the demand letter states that total amount Defendant had contributed to date was $77,500.00, that Defendant's total commitment was $100,000.00, and that therefore, the amount due is $22,500.00. The Court accepts these proofs, and therefore determines that damages are due in the amount demanded of $22,500.00 plus ten percent interest from the date due, November 30, 2006.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's Motion for Default Judgment in the amount of $22,500.00 plus ten percent interest from the date of November 30, 2006. An appropriate form of Order accompanies this Opinion.

Dated: July 7, 2009

                                                                     s/ Garrett E. Brown, Jr.
                                                             GARRETT E. BROWN, JR., U.S.D.J.